May it please the Court, my name is Andrew Gray, representing D.R.T.G. Builders. This is a petition for review of a denial of D.R.T.G.'s motion for relief from a final order based on a purportedly untimely notice of contest, and D.R.T.G. now asks the Court to reverse the Administrative Law Judge's decision to deny that motion. At bottom, the ALJ's underlying decision here holds that where an employer was not properly served with process in compliance with the Occupational Safety and Health Act, that the employer has no remedy as a matter of law, but I believe this Court's precedent says otherwise. So if I have time here today, I'd like to discuss the three key reasons why D.R.T.G.'s decision is entitled in relief here. First is that under Rule 60b.1, the ALJ's decision did not give proper consideration to three of the pioneer factors, each of which weigh in the company's favor. Second, even focusing solely on that fourth factor, whether— So let me ask you this straight away. Where this notice was actually delivered? I'm sorry? Where the notice was delivered? Yes, Your Honor, the notice was attempted to be delivered via certified mail to D.R.T.G.'s registered address. However, the office was unoccupied at that time, and so after the— But the owner of the building, it was his home? It's his home, yes. So the notice actually went to his home? That's correct. And he was not there for— He wasn't there for the day that it was delivered, and so—or the day that the Postal Service attempted delivery, and so they— How much time left after they accepted the delivery? Yeah. Yeah. Well, the mailing went out, and a return receipt requested, and no one was there. Correct. The next one went out, correct? The next, it was sent via UPS, and it wasn't delivered to any specific individual. It was left on the company's doorstep. The company's doorstep, his residence? Yes. Well, he lived there? He did, Your Honor, and I'm not sure of the specifics, but I know that he wasn't there and didn't return to the address until after the fact, and that was a number of days after the citation was delivered. Well, I don't know about the specifics, but the man either lived there or he didn't, and it was his residence that he was living there, and I'm just trying to understand, because I think, to me, it's important to— I understand, Your Honor, and while I don't know specifically why he was away from his address for the period of time, for the length of time that he was, I do know that DRTG did submit a declaration from the owner stating that he was absent from his address, and, in fact, at the hearing on this matter, the administrative law judge noted that from his address, he'd been absent for a period of three months, with, I believe, the implication that an absence from someone's home is neither uncommon nor unreasonable. But this is the address that was provided to the government, right? Yes, that's correct. And, in fact, in the hearing on this matter, the OSHA Houston area director did testify about previous citations that the company had received to this address and that were responded to in a timely manner, which I'll note that in this Court's decision in Coleman of the employer's proper mail delivery and mail handling procedures was the employer's ability to receive prior OSHA citations and respond to them in a timely manner, and that this was, in essence, a lone departure from that prescribed practice. I'm sorry, what's the departure here? The departure would be, namely, that this citation wasn't received when it was attempted to be delivered, or that DRTG was absent from its office, meaning the owner's home, at the time that... But what would you have the government do? I'm sorry? What would you have the government do? Well, in this case, Your Honor, I would have had the government attempt to deliver the citation through certified mail more than once, because as the record makes clear, the alternative, Your Honor, as while no court has endorsed this practice, the Review Commission has allowed for alternative means of service. So what's your best authority for the proposition that when Congress receives certified mail, it requires multiple certified mail efforts? Well, Your Honor, in other cases, in civil cases involving alternative methods of service, of process, courts will commonly require a certain level of effort before they will give leave to grant certified mail. For example, I have the precise... I'm not sure I understand what you mean, though, by granting leave for certified mail. Oh, to allow... Certified mail is the only permissible method. Yes, I was attempting to say that granting leave to allow an alternative method of service in a civil case, and so here... But in this case, there is no alternative, right? The only prescribed method is certified mail. I agree, Your Honor. However, the Review Commission has held that alternative methods are available, and while this court or no other that I'm aware of has agreed with that holding... Isn't that wrong? I mean, the statute doesn't say alternative. I believe that's wrong. Let's hypothesize that instead of using certified mail or UPS, they had just hand-delivered it, personally delivered it. Would that start the clock? I believe so, Your Honor, if only because previous cases have held that a procedural default in the method of OSHA's delivery of the notification is of consequence, but only when there's no actual receipt of the notice, and so in the case of had OSHA used a process server, there would have been actual receipt and actual notice of the citation, and so it would have been, I believe, a little issue there. What does your field operations manual, the OSHA field operations manual, say? Well, Your Honor, the OSHA field operations manual does state that an alternative method of service, while it doesn't prescribe specifically UPS or private courier service, it does state that an alternative method is available if certified mail is not feasible or basically isn't working out. However, it doesn't discuss basically the amount of effort that the government must put forth to outset in order to utilize certified mail. Actually, it doesn't say anything about feasible. It says, citations shall be sent by certified mail and delivery of citations or use of a mail delivery service other than the postal service can be used in addition to certified mail if it is believed that these methods would effectively give the employer notice of the citation. It doesn't say anything about whether the certified mail was effective or not. It just says they can use alternative methods. Yes, Your Honor. Well, the key point I see in that passage is that it still must be reasonably calculated to provide service here, and I disagree with the Secretary's arguments that UPS, meaning a delivery to the doorstep of this office or this owner's residence, you know, similar to a newspaper, is reasonably calculated to give them notice of that citation. It's not any different from the notice that you get with unsuccessful certified mail. They leave a receipt on the door or something, don't they, for certified mail? Yes, that's correct. However, in most cases, in what we would have recommended the government do so here is attempted to deliver the citation by certified mail more than just that single one time. Let's say somebody had accepted the certified mail, but it's stipulated that nobody ever opened it. Well, Your Honor, I believe the Coleman-Hammond case, Coleman-Hammond's case from this court in 2019, would allow for relief on that basis. For example, in that case, the relevant employee who's responsible for handling and receiving mail, including OSHA citations, was absent from the office for over a month, and an OSHA citation was delivered and signed for by a secretary of that company, and because of the relevant employee's absence, the citation went unresponded to until well after that 15 working day time period. And in response, this court found that that was a single instance of unforeseeable human error that didn't place the company at fault and granted 60B1 relief. Right. I'm sorry, let me be clear. I'm not asking a 60B question yet. I'm asking just whether there was service. Are you conceding that if the certified mail was in fact received, it was just never opened? Yes, Your Honor. Yes, I would concede that if it was— Then why is this any different? Well, Your Honor, there was no receipt. You've got the attempted delivery notice. Either way, you've been tagged, essentially. Your client's been tagged with the information, with the notification. It's just up to your client to then take the next step. Well, Your Honor, the attempted delivery notice as well as the UPS delivery of the citation was essentially on the doorstep of DRTG's office. However, to actually receive the notice, an employee would have had to have been there to pick it up, so to speak. And here, that didn't occur, and so there was no actual notice. It was essentially contingent on an employee returning to the office to realize that there was an attempted delivery or a UPS delivery. Isn't this one of those areas in the law, though, where we really need formal rules? I mean, instead of having all these debates and discussions about who was where and— Yes, Your Honor, and on that point, and as to Judge Smith's discussion earlier about the field operations manual, OSHA and the Secretary are free to implement formal rulemaking on the precise methods of service of process and the precise methods of delivery of citations. However, they've not done so. Instead, the Secretary— Why isn't the statute enough? I'm sorry? Why isn't the statute enough? Well, Your Honor, I do believe that the statute is enough, but to the extent that the Secretary wishes to allow for alternative methods of service or to not abide by the strict statutory language that requires notice via certified mail and receipt of that notice to begin the 15 working day clock— You don't deny that the attempted delivery notice was, in fact, posted in the correct place? Yes, I do agree that it was posted in the correct place on the offices or this house's front door. However, no employee was there to realize that it had been posted. And in cases like Coleman and as well in the Third Circuit's decision in George Harms' construction v. Chau, absences from the office or even forgetting the receipt of a citation has been shown to be excusable neglect in those circumstances. And so I see— Excusable neglect means you were served. It's just that you might be able to get discretionary 60-day relief. Yes, Your Honor. In some cases, courts have held that, and in others, for example, the Seventh Circuit has held that where there is no effectual service of process, the 60B analysis doesn't come into effect and there's no requirement for a meritorious defense or what have you. And I believe that that line of reasoning is supported here by equitable tolling in this court's decision in Atlantic Marine v. OSHA from 1975 where the court stated that because of the secretary's deception, which we don't believe is at issue here, or a failure to follow proper procedures is the cause for delay, then the 15-working-day period can be equitably tolled to essentially not preclude an employer from being able to defend themselves on the merits in light of an untimely notice of contest. And there it's worth noting that in Atlantic Marine, the court did specify what the proper procedures were at issue, which is federal regulations. And here, the field operations manual is, to my knowledge, not even available to the general public, much less subject to the rigors of the Administrative Procedure Act or have any effect as a matter of law. And so to the extent that the field operations manual allows for any alternative method of practice, I don't believe it has any effect here, nor does it allow the, I apologize, nor does it give OSHA leeway to not abide by the express statutory language. If I see that I am running out of time here, so if I may briefly conclude, it's DRTG's belief that in light of the Administrative Law Judge's decision here, while he did discuss the proper legal standards under Rule 60b-1 and 6, he didn't give them due consideration, particularly those factors that do, as this court has found, as a matter of course, almost always weigh in favor of the employer. In addition, because the Secretary OSHA failed to effectuate proper service of process and thereby failed to follow proper procedures, this court's equitable tolling precedent applies as well. Thank you, Mr. Gray. Do we have some time for rebuttal? Yes. Okay. Good afternoon, court. My name is Farmer Fez. Good afternoon. I represent the Secretary of Labor, and I'm here to ask that the court deny DRTG's petition for rebuke and affirm the commission's final order that resulted from its untimely notice of contest. Contrary to the company's assertions, OSHA, in accordance with the OSHA Act and its own written procedures, twice delivered legally sufficient notice to the address that the company itself provided to OSHA during the inspection. The company, excuse me, the ALJ properly dismissed DRTG's late notice of contest for three reasons. First, the record evidence in over 40-plus years of commission precedent demonstrated that the company, in this case, did, in fact, receive sufficient notice of the citation on September 24th when OSHA delivered the citation by UPS mail and the method used to provide notice. But the statute says certified mail. It indeed says certified mail. UPS next day is not certified. It's technically not. The statute section 10A provides that OSHA, the Secretary, must provide notice of the citation by certified mail. In this case, OSHA strictly complied with that provision by sending the notice by certified mail. In addition, since 1979, the commission, applying principles of due process, has said that the proper test for determining whether a notice has been provided to an employer is whether the chosen method is reasonably calculated to achieve that notice. And what that means is that in accordance with the commission's B.J. Hughes case from 1979 and many other cases thereafter, the actual notice, in the strictest sense, is not required. In fact, an alternative method of service may be used when certified mail cannot be affected. So the employer in this case received such notice on September 25th when OSHA delivered the citation for a second time. OSHA sent the citation initially by certified mail in strict compliance with the Act. And when the employer did not have someone available to receive service, and when the post office delivery person left a delivery notice at the address informing the company that the citation would be available at the local post office for pickup until October 1st, the company's position is that attempted delivery notice is sufficient under the statute. It's sufficient for OSHA to send a citation by certified mail when that delivery is unsuccessful, which in this case it was. And when OSHA is aware of that fact, we can see that there's additional follow-up measures that must be taken. You concede that—you have to go further than that. I'm sorry. You're conceding that mere delivery of the attempted delivery notice does not satisfy the statute? I'm conceding that more is needed for two reasons. First, the commission has ruled that reasonable attempts must be made. And so we know that the citation has in fact not been received, has been unclaimed for a period of time. We have to take additional steps. Secondly, the 15 days— You know, the government does not want to argue that delivery of the attempted delivery notice constitutes receipt of certified mail. That's not what this case is about. I don't know if you're aware, but there are courts that have said that that's enough. Title VII context, for example. There are cases like that, but in the OSHA context and in a court-of-commissioned case law, we do take additional measures. And what I was getting at is that the 15— Well, then you should lose. I'm sorry? I mean, that's your only argument. Well, we believe that we have to take additional measures because it was a 15-day notice of contents period that we need to date certain in order to— Right, but UQ's delivery is not certified mail delivery. It's not certified mail delivery, but it's a method reasonably calculated to apprise the employer of the citation in this case, especially— That's the due process standard. That's not the statutory requirement. Right, but the Commission has applied that same standard with respect to the method chosen for notifying the employer of the citation. In this case, the employer didn't have anyone available to accept the citation. On September 16th, when the initial mailing of the certified mail was attempted, and not just that one instance, but my colleagues mentioned that no one was available on that day. Apparently, there was no one available from that day moving forward up until the citation was finally determined to be unclaimed at the post office because no one ever claimed it from the post office, and no one ever retrieved it, or there's no evidence or explanation in the record as to why the employer in this case did not receive that UPS mailing that was left at its doorstep. There's still no explanation given as to what the reasons for those are. In addition, like I mentioned, OSHA became aware that the citation would be unclaimed over a week later after sending the citation, and under the due process cases from the Supreme Court, we must take additional measures to safeguard and enforce due process rights to inform them to take additional measures, which in this case we did. Furthermore, an agency, in this case OSHA, is not required to undertake paroled efforts to notify an employer, and it's not required to substitute the claimant's proposed measures for others that would require verification of receipt. Furthermore, it's been claimed by the employer that Rule 4, Services Required, that the Commission has already ruled that that's inapplicable in this instance, and in the cases of citations because they do not initiate actions before the court. Furthermore, I would like to point out that any other rule whereby an employer must receive actual notice of the citation, and with respect to the circumstances in this case, would de-sensitize an employer from undertaking due diligence, and would permit employers where internal procedures for handling citations and receiving citations are adequate to delay receipt. And in situations like this, where a second attempt is made using something other than determining the receipt date, in this case, the UPS delivery to be addressed provided by the employer on that second attempt should be able to provide that date for OSHA in order to determine the 15-day notice of contest period. And the reason for that is that under the Act, after 15 days of a citation being uncontested, it becomes a final order of the Commission, and the Commission has ruled that a delay of that time period is not contemplated. I would also like to note that the Supreme Court in Jones v. Flowers, in discussing what additional measures must be undertaken by the government, noted that a reasonable follow-up measure may include the use of regular mail without the need for proof of signature, and in this case, the UPS next-day air delivery is indeed more reliable. There's tracking as well as assurances that the notice of the citation has actually reached its destination. On the issue of the Rule 60B, the lease that the employer claims here, its entire argument  for the reasons I've already stated, that claim lacks basis in law, and in fact, the employer provided no other evidence of any of the factors during the hearing. It was provided an opportunity to present evidence of its internal mail handling procedures, but in fact did not provide any at all. The only thing it argues is that, in fact, no one was available at the address, and that simply is not enough. All the cases that the employer relies on in this case have specific evidence from the employer of its receipt, whether it be the secretary or other managers that receive mail, how they route that mail to the employer. That is not, that's simply not in the record in this case, simply arguing that no one's at the registered business address provided to OSHA. Folks stated 30 times that's no evidence of any good faith or any sort of reason that's excusable for the delay. Lastly, the employer argues that equitable tolling should be had in this case under this court's Atlantic Marine precedent. That simply is incorrect. The company's not entitled to equitable tolling. Atlantic Marine and other cases under that precedent are not similar, simply provide that when OSHA or an employee of the agency has indeed deceived the employer or a person has failed to follow its procedures, then equitably tolling the statute would best serve the statute's purposes. And like I mentioned, there's simply no such evidence in this case. And the RGP today has conceded that there's simply no deception. It is also conceded that FOM, in fact, allows for a method of service in addition to certified mail, such as private carriers like UPS. With respect to, my colleague mentioned that there may be prejudice in this case and that the ALJ failed to weigh the other factors. In fact, it was the company's burden to lay out evidence to meet those factors. And because there was simply no evidence, the ALJ had nothing to weigh. But in any event, there is prejudice when, if this court or the commission were to grant relief in a situation like this, it would allow employers to evade service by ignoring the citation. I understand the record, and I'm asking you to help us with the record here, that the company acknowledges that it knew about the citation at least by October 18th. Is that right? They claim that they are entitled to an October 18th receipt date, given that there was a next of kin letter with a copy of the citation. Okay. That helps. And then, as I understand it, then the company still waited more than two weeks to file its notice of contest, even though it had already had some contact with OSHA about the citation? That's right, Alan. So, maybe to step back, the citation was delivered to the RTT address on September 24th. The 15-notice contest period ended on October 16th. The very next day, on the 17th, an OSHA employee got in contact with the employer to discuss their failure to provide documentation for abatement as required by the citation itself. And they discussed the citation. So, the employer at least had verbal notice, at the very least, by that date, not to mention the earlier citation notices that were sent. And so, they allege that they actually received the citation on the 18th, again, based on that next of kin letter. But they still waited another two weeks after that? Yeah, they waited approximately three weeks to file the notice of contest. It was received on November 5th, or a state stamp on November 5th, which is past the date of the final order. And so, Section 10 says certified mail, but simply that was written in 1970, and I think that gets to Judge Ho's question about certified mail being directly in the statute. At that time, post office certified mail was the most reliable and available means for the government to provide notice. UPS and others, like FedEx, began providing similar service early in the 1970s and mid-1970s. And the courts have read the provision to allow for other methods that similarly meet the intent and purpose of Section 10A. What's your best authority? You say courts have done that? Yeah, there's plenty of civil cases and ALJ cases within the commission that provide that UPS . . . When you say court cases, do you mean . . . when you say cases, you don't mean a federal court of appeal? There's several in the civil context, not in the OSHA context, providing that UPS delivery in the light is equal to certified mail. What's your best case for the proposition that UPS-type delivery satisfies certified mail if that's in the statute? I don't have citations directly before me, but I'm happy to provide a letter to the court providing that. But as I mentioned before, the commission test and the test that's been used provides that the method used for notice must be easily calculated. So it's a very flexible test. It is a case-by-case test, and we believe that we've met that in this case, not once but twice, by sending first a citation by certified mail in strict compliance with the Act, and then by sending it again. But is your point that UPS-type delivery is as good as or, in fact, better than certified mail, or that it literally is certified mail for statutory purposes? No, our argument is not that it's certified mail. Your point is it's just as good, so why not accept it? Well, it's just as good as sending the notice by certified mail in the first instance is unsuccessful, and that's been deemed a non-effective method. But you're not arguing that if somebody says, I want certified mail, that you've satisfied that requirement by providing FedEx or UPS? That's not our argument, no, sir. Then the problem is you say that Congress passed the statute before FedEx was readily available, but isn't that Congress' job to update the statute, not ours? It is indeed Congress' job to amend the statute. It is also the Court's job to interpret and create rules to align with the realities of the workplace and the country as a whole, and in this case, the Commission has done that by reading into Section 10A, Test for Proper Method of Service, which we believe we've met in this case. I would like to point out also that the employer under Texas statute is required to designate an agent to receive service. In this case, it's been noted that the business address is also the home of the business owner. He lives there, and his family lives there. That's noted in the record, and it's undisputed. The fact that he did not meet his obligations under Texas Code serves as evidence of their lack of due diligence and failure to have proper mail handling procedures, which the Commission has noted is a requirement, not only with respect to Rule 60B, but as a whole, that the reasonableness of the government's method of service cannot be negated by their lack of due diligence on the part of the employer. Furthermore, I'd like to note that the courts have construed the reasonable calculated test as you have to look at it from the government or sender's perspective. In this case, the government has done all it can do, first by sending by certified mail, following up 10 days later to see if that was indeed delivered, and then sending an additional citation by UPS mail, which is a method reasonably calculated to reach the employer. Again, I'd like to emphasize there's still no explanation from the employer as to why they could not have received the citation. If they, in fact, didn't receive the next pen letter by way of their employee, it's unclear why they never were able to pick up the certified mail from the post office or from their own doorstep, and that's simply not enough to negate the government's reasonable efforts in this case. Well, it could be that they're just manipulating the system to see how far they can stretch it. It's possible, and the evidence does not go quite that far, but we don't need to prove any kind of fraud or any kind of deliberate evasion. It's simply that the employer lacked any sort of methods for accepting the citation. So I see that my time is almost up. The government today asked the DRTG that the court affirm the commission's final order. The reasons discussed, DRTG received notice within the meaning of Section 10A on September 24th, and the citation was delivered to the company's registered business address, which the company provided to OSHA. DRTG failed to establish a sufficient basis, sufficient Rule 60B basis for relief or any equitable basis for relief of the 15-day notice of contest period. There's no evidence to suggest any deception or failure to follow the rules that would justify equitably tolling the period, and for these reasons, the court should deny the petition for review and affirm the commission's final order. Thank you, Mr. Evans. Great. Same time for both. Thank you, Your Honor. First, I think one of the Secretary's arguments conflated the requirement that OSHA send the 15-day working period to file a notice of contest begins running. That clock begins running upon receipt of the notification, not upon the day when OSHA delivers, when OSHA sends it, nor by when they consider it delivered. In two cases, due direct— Yes, Your Honor. That is when DRTG contends that it actually received notice of the citation, and two cases support that line. Well, Your Honor, that was the date. To be precise, DRTG filed the notice of contest 14 working days, to use the statute's term, after it received actual notice. And so, along those lines, it did, in fact, file its notice of contest within the statutory time limit, based on when it received that notice. But that said, any future such delay, while such a thing has never been required, either by this Court or others when discussing whether Rule 60 relief is available, I mean, it's understandable to believe that an employer, particularly a very small employer without sophisticated operations, would need a few days to first review the citation and understand what is required of them, and then to contact counsel and have them prepare a notice of So, it's our position that the 14 days after receipt of the notice was reasonable in light of all of these circumstances in which to file its notice. And on that point, I would argue that the pioneer factor that addresses any delay in However, the Secretary's arguments on that point are kind of significantly belayed, in my opinion, by the fact that it's now been well over a year that DRTG has still not been able to defend itself on the merits. I mean, the company is a small company with approximately 14 employees, and it's been over a year and spent, quite honestly, a lot of attorney's fees just trying to get its foot in the door. And so I would note that on that point of actual receipt of notice, two cases support that line of reasoning. First, an OSHA Review Commission case, Reedy Tank Erectors, that held that the 15-day period when a respondent receives a notice, quote, can only run from the date of respondent's actual receipt of the notification. And likewise, the Third Circuit Court of Appeals in J.I. Haas v. OSHA from 1981 did remand the case back to the Review Commission for the express purpose of further factual findings about whether the employer did have actual receipt of a citation. Counsel, what was the actual violation that was being noticed, asserted violation? Here, there was a violation based on a workplace injury that ended in a fatality that, in essence, stems from an employee's failure to wear a seat belt while operating a forklift. However, on that point, the Secretary's comparison of this case to Jones v. Flowers is, I believe, an opposite for two reasons. First, he states that the government need not undertake heroic efforts. But I think it's clear that a single instance of delivering or attempted delivery via certified mail is far short of heroic efforts. Had they attempted to deliver it even more than once, they may have an argument. And for example, in Jones v. Flowers, which is a tax delinquency case, that case involved attempted delivery via certified mail over the course of at least three times over the course of several months until the court granted it an alternative means. And here, OSHA has not shown any such efforts on their part. I see I'm out of time, so if you have any further questions, I'm— Thank you, sir. Time has expired on the cases under submission. Thank you, Mr. Gray.